# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 12, 2013

No. 12-30516

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PAUL W. MILLER,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CR-102-1

Before DENNIS, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

A jury convicted Paul W. Miller of two counts of sexual exploitation of a minor and one count of possession of child pornography. The district court sentenced him to 70 years in prison and fined him $15,000. Miller appeals his conviction and fine. We AFFIRM.

Miller contends the district court improperly barred him from cross-examining the two young victims about their juvenile criminal records and probation statuses. The Confrontation Clause secures the defendant's right of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cross-examination, particularly in order to expose a witness's motivation for testifying. *Delaware v. Van Arsdall*, 475 U.S. 673, 678-79 (1986). Nonetheless, the district court retains "wide latitude" to reasonably limit cross-examination due to concerns about "harassment, prejudice, confusion of the issues, . . . or interrogation that is repetitive or only marginally relevant." *Id.* at 679. Alleged violations of the Confrontation Clause are reviewed *de novo*, subject to harmless-error analysis. *United States v. Jimenez*, 464 F.3d 555, 558 (5th Cir. 2006).

Miller offers only vague speculation about the possible impeachment value of the proposed cross-examination. He relies on *Davis v. Alaska*, 415 U.S. 308 (1974), for the proposition that cross-examination about juvenile probation was warranted. Miller's case is distinguishable from *Davis*. There, cross-examination about the witness's probation could have exposed an incentive to deflect suspicion away from himself and toward Davis. *See id.* at 311-19. The victims in this case were not on probation at the time of the crime, nor were they suspects with an incentive to shift blame onto Miller. Moreover, nothing in the record or pleadings suggests that the federal prosecutor could have influenced any state juvenile-court proceedings and thereby provided an inducement for the victims to testify in the federal trial. *See United States v. Thorn*, 917 F.2d 170, 176 (5th Cir. 1990) (affirming preclusion of impeachment with state indictments because the defendant offered no evidence that the Government could influence the state proceedings). In addition, the impeachment value of the proposed cross-examination was minimal because other witnesses corroborated the victims' material testimony. *See Kopycinski v. Scott*, 64 F.3d 223, 226-27 (5th Cir. 1995) (concerning withheld evidence and noting that strong corroboration can make testimony unimpeachable). Miller's speculative cross-examination of the young witnesses about their juvenile conduct would have been marginally relevant, at best. *See Van Arsdall*, 475 U.S. at 679.

Regardless, any error in limiting cross-examination was harmless beyond a reasonable doubt. *See id.* at 684. The victims' testimonies were not indispensable in light of other evidence that was corroborative on points material to Miller's conviction. The only evidence contrary to the victims' testimony was Miller's uncorroborated denial of wrongdoing. Under the totality of circumstances, the Government's case against Miller was very strong. *See id.* (identifying factors relevant to harmless error review).

Miller also asserts that it was plain error to impose a $15,000 fine where the presentence report noted that he would likely be unable to pay a fine within the Guideline range. The applicable fine under the Guidelines was $25,000 to $250,000. U.S.S.G. § 5E1.2(c)(3). The fine was below the Guideline range, and Miller offers no evidence or argument that he will be unable to earn money toward payment of the fine while he works in prison for the rest of his life. He has not shown that the imposition of the fine was a plain error.

The judgment of the district court is AFFIRMED.